# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Bartlett,<br><br>　　　　　Petitioner,<br><br>v.<br><br>B. Birkholz, Warden of Federal Prison<br>Camp Duluth, and Michael Carvahal,<br>Director of the Federal Bureau of Prisons,<br>in their official capacities,<br><br>　　　　　Respondents. | Case No. 21-cv-667 (NEB/TNL)<br><br>REPORT &<br>RECOMMENDATION |

Steven Bartlett, Reg. No. 45790-424, FPC – Duluth, P.O. Box 1000, Duluth, MN 55814 (pro se Petitioner);

Ana H. Voss and Chad A. Blumenfield, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents); and

Paxton Anderson, Reg. No. 16666-041, FPC – Duluth, P.O. Box 1000, Duluth, MN 55814 (pro se Movant).[1]

## I. INTRODUCTION

This matter comes before the Court on pro se Petitioner Steven Bartlett's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, and three motions related to pro se Movant Paxton Anderson's request to be added as a petitioner, ECF Nos. 16, 18, 20 (collectively, "Anderson Motions"). This matter has been referred to the undersigned for a report and recommendation to the district court, the Honorable Nancy

---

[1] The Clerk of Court will be directed to mail a copy of this Report & Recommendation to Anderson as well.

1

E. Brasel, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Bartlett's Petition be **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER RECOMMENDED** that the Anderson Motions be **DENIED**.

## II. BARTLETT'S PETITION

Bartlett was sentenced by the United States District Court for the Northern District of Illinois to 45 months' imprisonment followed by a term of 3 years' supervised release after he pleaded guilty to one count of fraud by wire, radio, or television in violation of 18 U.S.C. § 1343. Pet'r's Ex.[2] C at 1, ECF No. 1-1; Decl. of Kyja Winger ¶ 4, ECF No. 10; Ex. A at 2 to Winger Decl., ECF No. 10-1; *see generally United States v. Bartlett*, No. 13-cr-463 (N.D. Ill. July 3, 2019) (sentencing judgment). Bartlett is presently incarcerated at the Federal Prison Camp located in Duluth, Minnesota. Pet. ¶ 7. Bartlett has a projected release date of March 10, 2022 via early release under 18 U.S.C. § 3621(e) for his successful completion of the residential drug abuse program. Winger Decl. ¶ 4; Ex. A at 1, 3 to Winger Decl.; Pet'r's Ex. C at 2, 3; *see* Pet. ¶ 11.

Bartlett brings this Petition under 28 U.S.C. § 2241 challenging the computation and application of time credits pursuant to the First Step Act of 2018 ("First Step Act"),

---

[2] Bartlett has used both "exhibit" and "attachment" to describe his exhibits. The Court refers to them as exhibits. The Court additionally notes that the exhibits attached to the Petition begin with Exhibit B1; there is no Exhibit A to the Petition. *See generally* Pet'r's Exs., ECF No. 1-1. There is, however, an Exhibit A (as well as Exhibits B and C) to Bartlett's reply. *See generally* Exs. to Pet'r's Resp., ECF No. 22.

2

Pub. L. 115-391, 132 Stat. 5194 (2018).[3]  According to Bartlett, he is entitled to at least 202 days of time credits towards his sentence based on his participation in programming and prison employment.  Pet. ¶¶ 9-13, Decl. of Steven Bartlett ¶ 5, ECF No. 2; Pet'r's Resp. at 23.  With proper application of these time credits, Bartlett asserts that he is eligible for immediate release.  Pet. ¶ 19.

### A. First Step Act & Time Credits

The First Step Act provides that a "prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits," 18 U.S.C. § 3632(d)(4)(A); those time credits "shall be applied toward time in prerelease custody or supervised release," *id.* § 3632(d)(4)(C); and "[t]he Director of the [BOP] shall transfer eligible prisoners . . . into prerelease custody or supervised release," *id.*

"The [First Step] Act provided for a gradual development of the framework of evaluation and programming pursuant to which various incentives, including time credits, could be earned."  *Cohen v. United States*, No. 20-cv-10833 (JGK), 2021 WL 1549917, at *2 (S.D.N.Y. Apr. 20, 2021); *see Depoister*, 2021 WL 3492295, at *2 ("The [First

---

[3] "A prisoner seeking a writ of habeas corpus under § 2241 must first exhaust his remedies under the [Bureau of Prisons' ("BOP")] administrative remedy program, 28 C.F.R. §§ 542.10–19." *Depoister v. Birkholz*, No. 21-cv-684 (ECT/BRT), 2021 WL 3492295, at *1 n.1 (D. Minn. Aug. 9, 2021) (citing *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009)).  Bartlett did not fully exhaust his administrative remedies before filing his Petition and Respondents argue that the Petition should be dismissed on this basis, among others.  *See* Pet. ¶ 20; Pet'r's Ex. D at 1-3, ECF No. 1-1; Decl. of Shannon Boldt ¶¶ 14-16, ECF No. 9; Ex. B at 3-4 of Bolt Decl., ECF No. 9-2; Ex. C at 1-5 of Boldt Decl., ECF No. 9-3; Respts' Resp. at 13-15, ECF No. 8.  Bartlett has since done so through a Central Office Administrative Remedy Appeal to the General Counsel.  Pet'r's Resp. at 5, ECF No. 21; Exhibit A at 1-2 to Pet'r's Resp., ECF No. 22.  *See* 28 C.F.R. § 542.15(a).  "Though exhaustion is a 'prerequisite' to filing a § 2241 petition—i.e., exhaustion must generally be accomplished before a petition is filed—it is judicially created and may be flexibly applied." *Depoister*, 2021 WL 3492295, at *1 n.1 (quoting *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007)).  "Because [Bartlett] has effectively cured his failure to exhaust his administrative remedies, the Petition will be reviewed on its merits."  *Id.* (citing *White v. English*, No. 12-cv-527 (MJD/JJK), 2012 WL 3848463, at *3 (D. Minn. July 9, 2012), *report and recommendation adopted*, 2012 WL 3854967 (D. Minn. Sept. 5, 2012); *Esters v. Jett*, No. 09-cv-1667 (MJD/AJB), 2009 WL 3417900, at *3 (D. Minn. Oct. 21, 2009)).

Step] Act's enactment, however, was only the first step. The risk and needs assessment system was to be gradually developed and implemented."), *appeal filed*, No. 21-2992 (8th Cir. Sept. 3, 2021); *Holt v. Warden*, No. 4:20-CV-04064-RAL, ___ F. Supp. 3d ____, 2021 WL 1925503, at *4 (D.S.D. May 13, 2021) ("To effectively further the purposes of the law, the [First Step Act] set deadlines for completing various milestones toward fully implementing the prison and sentencing reforms.").

The First Step Act was signed into law on December 21, 2018. *See generally* Pub. L. No. 115-391, 132 Stat. 1594. The first deadline was the development and release of "a risk and needs assessment system" within 210 days of enactment. 18 U.S.C. § 3632(a). There is no dispute that the risk and needs assessment system was released on July 19, 2019. Respts.' Resp. at 3; *see* Pet'r's Resp. at 3-4; *see also* Press Release 19-784, U.S. Dep't of Justice, Department Of Justice Announces the Release of 3,100 Inmates Under First Step Act, Publishes Risk And Needs Assessment System (July 19, 2019), *available at* https://www.justice.gov/opa/pr/department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and; *see, e.g.*, *Prince v. Fikes*, No. 21-cv-643 (MJD/BRT), 2021 WL 2942311, at *1 (D. Minn. June 16, 2021), *report and recommendation adopted*, 2021 WL 2936656 (D. Minn. July 13, 2021), *appeal filed*, No. 21-2622 (8th Cir. July 23, 2021).

Next, within 180 days after the completion and release of the risk and needs assessment system, the BOP was required to, among other things, "implement and complete the initial intake risk and needs assessment for each prisoner." 18 U.S.C. § 3621(h)(1)(A); *see, e.g.*, *Prince*, 2021 WL 2942311, at *1. This deadline was January

4

15, 2020. Press Release 20-37, U.S. Dep't of Justice, Department of Justice Announces Enhancements to the Risk Assessment System and Updates on First Step Act Implementation (Jan. 15, 2020) ("In accordance with the First Step Act and due on Jan. 15, 2020, all inmates in the Bureau of Prisons (BOP) system have received an initial assessment using the Justice Department's risk and needs assessment tool known as the Prisoner Assessment Tool Targeting Estimated Risk and Need (PATTERN)."), *available at* https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act; *see, e.g.*, *Prince*, 2021 WL 2942311, at *1. There is no dispute that Bartlett has been assessed using the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"), and scored at a "low" risk of recidivism. Pet. ¶ 8; Winger Decl. ¶ 6; Ex. B to Winger Decl., ECF No. 10-2. *See* 18 U.S.C. § 3632(d)(4)(ii) (providing for additional time credits for prisoners determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, ha[ve] not increased their risk of recidivism").

"The First Step Act then gives the BOP two years after it completes the risk and needs assessment for each prisoner to 'phase in' the program implementation." *Prince*, 2021 WL 2942311, at *1; *see* 18 U.S.C. § 3621(h)(2)(A). "This two-year phase-in date has not expired and will not expire until January 15, 2022." *Prince*, 2021 WL 2942311, at *1. The First Step Act additionally states, however, that

> [b]eginning on the date of enactment of this subsection, the [BOP] may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who

5

> successfully participate in such programs and activities the incentives and rewards described in subchapter D.

18 U.S.C. § 3621(h)(4) (emphasis added); *see Depoister*, 2021 WL 3492295, at *3 ("As part of expanding existing programs, Congress vested the BOP with discretion to begin offering the First Step Act's incentives—including time credits—during the phase-in period.") "Subchapter D, in turn provides for the time credits that [Bartlett] seeks to apply." *Depoister*, 2021 WL 3492295, at *3 (citing 18 U.S.C. § 3632(d)(4)).

### B. Bartlett's Petition is Premature

The majority of courts to consider claims like Bartlett's challenging the alleged failure by the BOP to apply time credits under the First Step Act prior to the January 2022 phase-in deadline have concluded that such claims are premature. *See, e.g.*, *Jones v. Hendrix*, No. 2:20-CV-00247-ERE, 2021 WL 2402196, at *3 (E.D. Ark. June 11, 2021) ("The majority of courts that have addressed this issue have found that claims similar to Mr. Jones' are premature." (footnote citing cases omitted)); *Holt*, 2021 WL 1925503, at *5 ("The majority of courts that have addressed the issue arrive at a contrary conclusion [to *Goodman v. Ortiz*, Civ. No. 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020)]." (citing cases)); *Cohen*, 2020 WL 1549917, at *3 ("The overwhelming majority of courts to have considered this issue have agreed with the Government's view." (citing cases)); *see Depoister*, 2021 WL 3492295, at *3 ("[The magistrate judge], following nearly every court to have considered the issue, correctly concluded that because the First Step Act does not mandate actual implementation until January 2022, [the petitioner] is not entitled to the relief he seeks." (quotation omitted)); *see also Diaz v.*

6

*Warden*, No. 9:21-CV-0738 (GTS/ATB), 2021 WL 3032694, at *3 (N.D.N.Y. July 19, 2021).

These courts include those here in the District of Minnesota, *see, e.g.*, *Depoister*, 2021 WL 3492295, at *3-4; *Prince*, 2021 WL 2942311, at *2; within the Eighth Circuit, *see, e.g.*, *Kennedy v. Yates*, No. 2:21-CV-00032-BSM, 2021 WL 3710665, at *2-3 (E.D. Ark. July 12, 2021), *report and recommendation adopted*, 2021 WL 3710660 (E.D. Ark. Aug. 20, 2021); *Jones*, 2021 WL 2402196, at *3-4; *Holt*, 2021 WL 1925503, at *5-6; and elsewhere, *see, e.g.*, *Diaz*, 2021 WL 3032694, at *2-3; *Toussaint v. Knight*, No. 6:21-764-HMH-KFM, 2021 WL 2635887, at *4-5 (D.S.C. June 4, 2021), *report and recommendation adopted,* 2021 WL 2635479 (D.S.C. June 25, 2021); *Saleh v. Young*, No. 5:19-CV-00468, 2021 WL 1758711, at *1 (S.D.W. Va. May 4, 2021); *Cohen*, 2021 WL 1549917, at *2-3; *Fleming v. Joseph*, No. 3:20cv5990-LC-HTC, 2021 WL 1669361, at *4-6 (N.D. Fla. Apr. 7, 2021), *report and recommendation adopted*, 2021 WL 1664372 (N.D. Fla. Apr. 28, 2021); *Kennedy-Robey v. Warden*, No. 20-cv-1371, 2021 WL 797516, at *3-4 (C.D. Ill. Mar. 2, 2021); *Hand v. Barr*, Case No. 1:20-CV-00348-SAB-HC, 2021 WL 392445, at *4-6 (E.D. Cal. Feb. 4, 2021), *report and recommendation adopted*, No. 1:20-CV-00348-AWI-SAB-HC, 2021 WL 1853295 (E.D. Cal. May 10, 2021); *Llewlyn v. Johns*, Civil Action No. 5:20-cv-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *report and recommendation adopted*, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021). But see *Goodman*, 2020 WL 5015613, at *4-6; *see also, e.g., Hare v. Ortiz*, Civ. No. 20-14093 (RMB), Crim. Action No. 18-588-1 (RMB), 2021 WL 391280, at *2 (D.N.J. Feb. 4, 2021) ("In *Goodman*, this Court rejected the BOP's statutory

7

interpretation that would delay application of Time Credits to all prisoners during the phase-in program until January 15, 2022, the final date when the BOP must complete the phase-in with respect to all prisoners." (quotation omitted)).

The analysis of the majority centers on the permissive "may" in § 3621(h)(4) regarding the BOP's authority to offer the First Step Act's incentives and rewards during the development and phase-in period of the risk and needs assessment system. *See* 18 U.S.C. § 3621(h)(4) ("Beginning on the date of enactment of this subsection, the Bureau of Prisons . . . may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D."); *see also, e.g.*, *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1977 (2016) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement."); *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006) ("[A]s a general rule of statutory construction, 'may' is permissive, whereas 'shall' is mandatory."). "The use of the word 'may' indicates that, while it is permissible for the BOP to award time credits under the statute at any time after the date of enactment, the BOP is not *required* to do so." *Kennedy-Robey*, 2021 WL 797516, at *3; *see, e.g.*, *Kennedy*, 2021 WL 3710665, at *2 ("Given the use of the permissive 'may,' the language Congress chose gives the BOP discretion to determine whether to implement the incentives component during the phase-in period." (quotation omitted)); *Holt*, 2021 WL 1925503, at *5 ("This Court cannot read the word 'may' in 18 U.S.C. § 3621(h)(4) to mean 'shall,' particularly when the word 'shall' is used throughout the same subsection."); *see also Kennedy*, 2021 WL 3710665, at *2 ("A majority of courts have concluded [§ 3621(h)(4)] makes implementation of the

[First Step Act's] earned time credits permissible during the two-year phase-in period, not mandatory." (quotation omitted)).

As the district court in *Depoister* recently explained:

> Congress's use of the word "may" in § 3621(h)(4) reinforces th[e] conclusion [that the First Step Act does not mandate actual implementation until January 2022]. "The word 'may,' when used in a statute, usually implies some degree of discretion." *United States v. Rodgers*, 461 U.S. 677, 706 (1983); *e.g.*, *L.B. by and through Buschman v. Jefferson City Sch. Dist.*, 833 F. App'x 40, 41-42 (8th Cir. 2021); *Braswell v. City of El Dorado*, 187 F.3d 954, 958 (8th Cir. 1999). Though this presumption "can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute," *Rodgers*, 461 U.S. at 706, there is no basis to override the [First Step] Act's unambiguous text here. To the contrary, when Congress intended to mandate action as part of the development and implementation of the risk and needs assessment system, it did so clearly (and often) by using the word "shall." This "contraposition" makes understanding the word "may" to connote discretion "particularly apt." *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005). Thus, "[i]f immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4)." *Kennedy-Robey v. FCI-Pekin*, No. 20-cv-1371, 2021 WL 797516, at *4 (C.D. Ill. Mar. 2, 2021); *Jones*, 2021 WL 2402196, at *3 (same); *Holt v. Warden*, ___ F. Supp. ____, 4:20-CV-04064-RAL, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) (same). Nor does the [First Step] Act's contemplation that the risk and needs assessment be "phased in," like one court has found, necessarily mean that time credits will be applied during the phase-in period. *See Goodman v. Ortiz*, No. 1:20-CV-7582, 2020 WL 5015613, at *6 (D.N.J. Aug. 25, 2020). "While it is true that the statute requires a phase-in, . . . the statute requires various activities during the phase-in period, but pointedly does not require the BOP to [begin] to assign [time credits] during the phase-in period." *Cohen*, 2021 WL 1549917, at *3; *see Diaz v. Warden*, 9:21-CV-738 (GTS/ATB), 2021 WL 3032694, at *2-3 (N.D.N.Y. July 19, 2021) (same).

9

2021 WL 3492295, at *3.

Thus,

> [a]lthough the [First Step Act] required [the] BOP to "*begin* to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination" and "*begin* to expand the effective evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the [First Step] Act provides two years for [the] BOP to "provide such evidence-based recidivism reduction programs and productive activities for *all* prisoners." 18 U.S.C. §§ 3621(h)(1)(A)-(B), (h)(2)(A) (emphasis added). Therefore, because the Act does not require BOP to provide evidence-based recidivism reduction programs and productive activities for all prisoners until January 2022, the Court finds that Petitioner's claims regarding earned time credits and evidence-based recidivism reduction programs are not ripe.

*Hand*, 2021 WL 392445, at *5.

### C. Bartlett's Arguments

Bartlett raises four counter arguments. First, Bartlett argues that the "shall" directive to the Attorney General in § 3632(a) to develop and release the risk and needs assessment system within 210 days of enactment, i.e., by July 19, 2019, "means that once the System is in place . . . , so are the statutory functions the System provides." Pet'r's Resp. at 3. According to Bartlett, this is because § 3632(d) states that the risk and needs assessment *system* "shall provide incentives and rewards," not the BOP. *See* Pet'r's Resp. at 6 ("That completed **_System_** is what '*shall* provide incentives and rewards' and time credits earned '*shall* be applied toward time in prerelease custody or supervised release' as of that date.").

A similar argument was recently rejected in *Depoister*. In *Depoister*, the petitioner argued "that Congress's use of the word 'shall' in § 3632(d)(4) shows that time-credit application became mandatory within '210 days of enactment.'" 2021 WL 3493692, at *3. Acknowledging that the First Step Act's "time-credit provisions state[] that eligible prisoners who successfully complete evidence-based recidivism reduction programming or productive activities shall earn time credits," the district court also pointed out that the First Step Act "does not require implementation of the risk and needs assessment system until January 2022, and the credits Depoister seeks to apply '*may* be offered' in the interim." *Id.* (quotation omitted). Because the First Step Act does not require implementation of the risk and needs assessment system, which Bartlett himself acknowledges provides the very time credits he seeks, until January 2022, Bartlett's argument similarly fails. *See id.* at *3.

Second, Bartlett argues that the timelines for implementation in § 3621(h) do not apply to him because he "is and has been participating in existing evidence-based recidivism reduction programming and productive activities that meet the System's clear definitions." Pet'r's Resp. at 7. This argument suffers from the same fatal flaw as the argument above. "While the BOP may, in its discretion, apply time credits for completed programs prior to January 15, 2022, it is not required to do so." *Fleming*, 2021 WL 1669361, at *5 (citing *Kennedy-Robey*, 2021 WL 797516, at *4 ("The statutory language indicates that Congress left this determination up to the BOP, while at the same time giving the BOP a deadline of January 15, 2022. Until that date, the Court does not find

11

that Kennedy-Robey has any right to application of earned time credits that this Court can enforce.")).

Third, Bartlett argues that the time credits do not meet 18 U.S.C. § 3635(6)'s definition of a "risk and needs assessment tool" and therefore are not subject to the timelines in § 3621(h). The Court need not get into the weeds differentiating between the risk and needs assessment *system* and the risk and needs assessment *tools* carrying out that system. *See, e.g.*, 18 U.S.C. §§ 3632(a) (defining the risk and needs assessment system and stating that "existing risk and needs assessment tools" may be used "as appropriate"), 3635(6) (defining risk and needs assessment tool); *see also* 18 U.S.C. § 3621(h)(1)(C) (discussing implementation of "other risk and needs assessment tools necessary to effectively implement the [risk and needs assessment system] over time"), (2)(B) discussing development and validation of "the risk and needs assessment tool to be used in the reassessments of risk of recidivism"). There can be no dispute that the time credits Bartlett seeks are one of the incentives and rewards the First Step Act's risk and needs assessment system offers to prisoners who participate in and complete evidence-based recidivism reduction programming. 18 U.S.C. § 3632(d)(4) ("The [risk and needs assessment s]ystem shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs . . . ."); *see Depoister*, 2021 WL 3492295, at *3 ("Subchapter D, in turn, provides for the time credits that Depoister seeks to apply." (citing 18 U.S.C. § 3632(d)(4)).

As stated above, § 3621(h)(4) addresses the BOP's authority to offer those incentives and rewards during the two-year phase-in period:

12

> Beginning on the date of enactment of this subsection, the [BOP] may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

Thus, while the BOP "*may* offer to prisoners who successfully participate in such programs and activities *the incentives and rewards described in subchapter D*" beginning on the date of enactment, it is not required to do so prior to the expiration of the phase-in period. 18 U.S.C. § 3621(h)(4) (emphasis added); *see, e.g.*, *Depoister*, 2021 WL 3492295, at *3, 4; *Fleming*, 2021 WL 1669361, at *5.

Relatedly, Bartlett contends that § 3621(h)(4) is limited to incentives and rewards a prisoner may earn in connection with "expanded" evidence-based recidivism reduction programs and productive activities. *See* Pet'r's Resp. at 9 ("This authority included using the incentive component specifically for 'such' programs. What programs does 'such' refer to? Any <u>expanded</u> programs during this finite period between 'enactment' and release of the completed System by the Attorney General."). Petitioner has offered no authority, and this Court's research has uncovered none, supporting such a narrow view of § 3621(h)(4). The overwhelming majority of federal courts have concluded that § 3621(h)(4) permits but does not require the BOP to apply time credits until the end of the phase-in period. *See, e.g.*, *Jones*, 2021 WL 2402196, at *3; *Holt*, 2021 WL 1925503, at *5; *Cohen*, 2021 WL 1549917, at *2, 3; *Kennedy-Robley*, 2021 WL 797516, at *3; *Llewlyn*, 2021 WL 535863, at *2; *see also, e.g.*, *Depoister*, 2021 WL 3493692, at *3, 4.

Fourth, Bartlett contends that the § 3621(h)(2)'s phase-in paragraph pertains only to paragraph (h)(1), not paragraph (h)(4). Section 3621(h)(1) provided a 180-day deadline from the completion and release of the risk and needs assessment system for the BOP to complete the initial risk and needs assessment of each prisoner; "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers and add any new evidence-based recidivism reduction programs and productive activities necessary to effectively implement the [risk and needs assessment system]"; and "begin to implement the other risk and needs assessment tools necessary to effectively implement the [risk and needs assessment system] over time, while prisoners are participating in and completing the effective evidence-based recidivism reduction programs and productive activities." 18 U.S.C. § 3621(h)(1)(A)-(C). As pointed out by the district court in *Depoister*, the argument that § 3621(h)(2)'s phase-in paragraph does not apply to paragraph (h)(4) ignores the fact that "paragraph (h)(4), by its own terms, confers discretion by use of the word 'may.'" 2021 WL 3492295, at *3.

### D. Conclusion

Consistent with "nearly every court to have considered the issue," *Depoister*, 2021 WL 3492295, at *3, the undersigned likewise concludes that § 3621(h)(4) permits but does not require the BOP to apply time credits during the phase-in period, which terminates in January 2022. As such, Bartlett's Petition is premature and should be dismissed without prejudice.

## III. ANDERSON MOTIONS

Anderson (and Bartlett initially) moves for leave to amend Bartlett's Petition to include Anderson as an additional petitioner as Anderson "is similarly situated to Bartlett." Request at 1, ECF No. 16; *see* Mot. to Amend at 1 ("Petitioner Anderson has virtually identical claims . . . ."), ECF No. 18. Like Bartlett, Anderson challenges the computation and application of time credits pursuant to the First Step Act. According to Anderson, he is entitled to at least 428 days of time credits towards his sentence based on his participation in programming and prison employment. Decl. of Paxton Anderson ¶¶ 2-4, ECF No. 2; *see* Proposed Pet. ¶¶ 8-13, ECF No. 18-1. Respondents oppose adding Anderson to this action. *See generally* Respts' Opp'n, ECF No. 19. Bartlett later moved to withdraw his motion to amend his Petition to include Anderson. *See generally* Mot. to Withdraw, ECF No. 20.

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see Smith v. Pelosi*, No. 20-cv-284 (NEB/KMM), 2020 WL 2857582, at *5 n.5 (D. Minn. Apr. 21, 2020), *report and recommendation adopted*, 2021 WL 2850175 (D. Minn. June 2, 2020). "Futility is a valid basis for denying leave to amend." *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005); *see Smith*, 2020 WL 2857582, at *5 ("Critically, if a given amendment is futile, a court may deny a motion requesting it."). For the same reasons that Bartlett's Petition is premature, Anderson's proposed amendments for habeas relief are also premature and therefore futile.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Bartlett's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE**.

2. Anderson's Request to Be Added to Civil No. 21-0667 (NEB/TNL) as Additional Petitioner, ECF No. 16, be **DENIED**.

3. Bartlett's Motion to Amend Petition for Habeas Corpus to Add Another Petitioner, ECF No. 18, be **DENIED**.

4. Bartlett's Motion to Withdraw Motion to Add Petitioner Paxton Anderson, ECF No. 20, be **DENIED AS MOOT**.


Date: September  8 , 2021                    *s/ Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota

                                              *Bartlett v. Birkholz et al.*
                                              Case No. 21-cv-667 (NEB/TNL)


## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).